HENRY S. DEWEY *vs.* CHARLES E. CHAPIN & others.

Suffolk.  January 27, 1892. — February 25, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Partnership — Sale of Assets — Liability of Copartner.*

A partnership consisting of A. and B. was dissolved by the death of B.  A. sold the partnership plant and equipment, not including the stock, the good will, and the right to obtain the lease of the premises, by public auction, for but little more than half their value, to his son C., with whom A., having a month previously obtained a lease of the premises, entered into partnership, and continued to conduct the same business, using the same plant and equipment at the same place.  *Held*, on a bill in equity brought by the executor of B. against A. and C. for an accounting, that A. did not exercise good faith and sound discretion in endeavoring to obtain for the partnership property as much as he reasonably could, and was therefore chargeable with what he ought to have got for it, which was a certain amount found by the master; and that C., not being found to be a partner, was not accountable, under the allegations of the bill, for anything more than the purchase price.

BILL IN EQUITY, filed in the Superior Court by the executor of a deceased partner for a partnership accounting.  Hearing on the bill, answer, and master's report, before *Dewey*, J., who reserved and reported the case for the consideration of this court.

The bill alleged that the testate George A. Chapin and Charles E. Chapin and Charles T. Chapin were in partnership in Boston, which partnership was dissolved by the death of George A. in

February, 1888; that by the terms thereof, which were not in writing, George A. and Charles E. were each entitled to one half the profits, except that Charles T. was entitled to a certain contingent interest and to a fixed amount yearly ; that the assets were in the hands of the defendants; that a large balance was due from the defendants to the plaintiff as executor, and that the defendants refused to account; that Charles T., in consequence of his knowledge of the business as clerk, was intrusted by Charles E. with the duty of settling the partnership affairs ; and, thus acting as agent of the surviving partner, Charles E., the said Charles T. bought at an auction sale the partnership plant or equipment, excepting the stock on hand, the good will, and the right to obtain the lease of the premises, and Charles T. was liable to the plaintiff "to the amount of the excess of the value of plaintiff's share at the date of said sale, to wit, Sept. 17, 1888, over any payment made by him applicable thereto."

The answer admitted the partnership as between George A. and Charles E., but denied that Charles T. was ever a member of the firm ; alleged that Chapin, Wood, and Company held the assets, having purchased the same from Charles E., who purchased the same at a sale by public auction held under his own direction as surviving partner, and further admitted that there had been no final settlement of the partnership accounts, and that there was due the plaintiff the sum of $1,367.21 only.

The master found that Charles E. sold the partnership property for but little more than half its value, and found further that from the value of the equipment should be deducted the amount of deterioration, and from the balance thus obtained the amount of the purchase money, and reported, "subject to the ruling of the court thereon, as matter of law, that of the balance thus ascertained, viz. $1,920.95, said Charles T. Chapin is liable to the plaintiff's testator as to one of two equal partners, and interested equitably in one moiety of the balance thus ascertained, for one half of said last balance of $1,920.95, or the sum of $960.48, with interest from Sept. 17, 1888; and said Charles E. Chapin for all said George A. Chapin's share, as hereinbefore found, not paid by said Charles T. Chapin."

*H. S. Dewey*, pro se.

*S. H. Tyng*, for the defendants.

KNOWLTON, J.   The master found that the partnership property sold by the defendant Charles E. Chapin, the surviving partner, was worth at the time of the sale $4,729, although it brought at auction only $2,571.90.   This was a finding of fact to which no exception was taken, and it appears to have been well supported by the evidence.   If the sale had been made in good faith and in the exercise of a sound discretion, the partner making it would have been chargeable only for the proceeds of it.   But it was his duty to obtain for the property all that he reasonably could, for the benefit of the executor of his deceased copartner as well as for himself, and while he held the legal title he held it subject to a kind of trust which equity will enforce in favor of those interested in it.   About a month before the sale, he had obtained a lease of the place where the property was being used, which had previously been occupied by the firm, and there was no sale or offer of sale of the good will at the auction, or of any right to remain on the premises, or to retain the plant and equipment there.   He made the sale to his son, and, when it was completed, entered into partnership with him and continued to conduct the same business, using the same plant and equipment at the same place.   These facts warranted the finding of the master that the defendant Charles E. Chapin did not exercise good faith and sound discretion in endeavoring to obtain for the partnership property as much as he reasonably could, and he is therefore chargeable with what he ought to have got for it.

The defendant Charles T. Chapin was not a copartner in the original firm, and is not accountable for any part of the assets of it, unless he became so through his purchase at the auction sale. The master finds that "neither fraud nor unfair dealing is imputable to him in that purchase," and that "the title passed to him"; but he also finds "that his relations both to the deceased and surviving partner subject him to any equity enforceable against the latter, and prevent his claiming to hold the plaintiff's property as a purchaser, without notice, for the price it was sold to him."   This last finding does not enable the plaintiff or the other defendant to recover of him, on account of his purchase, anything more than the purchase price, and does *not* put him in the position of the surviving partner, who is accountable for the

partnership assets at the price which he ought to have obtained for them. The allegations of the bill and the findings of the master put his liability solely on the ground of his purchase. The plaintiff, in his case against Charles E. Chapin, seeks to hold him on the ground that, by the sale, he made a final disposition of the property, and so made himself accountable for its value. The claim against him is inconsistent with an attempt to pursue the assets beyond him, and to recover them from Charles T. Chapin. If the plaintiff charged an improper and fraudulent sale by Charles E. Chapin, and asked on that account for the appointment of a receiver, and showed that Charles T. Chapin bought with notice of the plaintiff's equities, and that the sale could not properly be made, it might well be that a receiver could be authorized to take the property out of Charles T. Chapin's hands, or that he could be compelled to pay the value of it if he had sold it to an innocent purchaser or otherwise disposed of it. But under this bill we are of opinion that no recovery can be had against him, and that Charles E. Chapin is liable to the plaintiff for the whole amount found due him by the master.                    *Decree accordingly.*