WALLACE E. BARDWELL, administrator, *vs.* ARTHUR M. HATCH & others.

Berkshire.          September 8, 1914. — October 23, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Executor and Administrator.*

Where the administrator of the estate of a country doctor, who had practised in partnership with his nephew, sold under a license from the Probate Court the half interest of his intestate in the outstanding accounts of the partnership at their inventory value of $450 to the intestate's nephew as the surviving partner, and the nephew after two years of effort realized about $1,500 on the intestate's half interest in the accounts, and where a single justice, who heard an appeal from a decree of the Probate Court allowing the administrator's final account,

found after seeing and hearing the witnesses that the administrator in making the sale acted in good faith and in the exercise of a sound discretion, it was *held,* that, although it now appeared, after the event, that the administrator would have shown better judgment if he had permitted the surviving partner to collect the firm bills and account to the estate for half the proceeds, yet it could not be said that the justice was not warranted in finding that the executor exercised good faith and due diligence in disposing of the undivided interest at its estimated value.

APPEAL from a decree of the Probate Court for the County of Berkshire, allowing the second and final account of the petitioner as administrator of the estate of Oscar S. Roberts, late of Pittsfield.

The appeal was heard by *Crosby,* J. At the hearing the counsel for the appellants expressly waived all objections to the account except to the charges of the administrator for services, and to the action of the administrator in making a sale of the interest of the estate in certain partnership accounts for the sum of $450. The justice found that the charges of the administrator for services amounting to $3,500 in view of the character of the services rendered were fair and reasonable. He found that the administrator sold the interest of the estate in the partnership accounts for what it was reasonably worth, and that in making such sale he acted in good faith and in the exercise of a sound discretion.

The justice made all the rulings which were requested by the appellants, and denied their requests for findings. He ordered that a decree should be entered affirming the decree of the Probate Court and remanding the case to that court for further proceedings, and reported the case for determination by the full court.

It was conceded by the appellants that the evidence was sufficient to justify the findings in regard to the value of the administrator's services.

Upon the question of the good faith and sound discretion of the administrator in the sale of the accounts, it appeared that the intestate was a physician and in his lifetime had been in partnership with one Frederick A. Roberts, his nephew, and that at the time of his decease there were outstanding upon the books of the partnership accounts amounting on their face in the aggregate to $15,663.97; and that, two weeks after the appointment of the administrator, he sold the interest of the estate in these

accounts to Frederick A. Roberts, the other member of the partnership, for the sum of $450, which was the valuation at which such interest was appraised in the inventory filed by the plaintiff as administrator. Other evidence on this question is described in the opinion.

*H. W. Blake,* for the appellants.

*J. F. Noxon & M. L. Eisner,* for the appellee, submitted a brief.

DE COURCY, J. The appellants object to the finding of the single justice "that the administrator sold the interest of the estate in the partnership accounts for what they were reasonably worth and in making such sale, he acted in good faith and in the exercise of a sound discretion." The value of uncollected bills appearing on the books of a country doctor at the time of his decease is likely to be small. The value of an undivided half interest in such accounts is merely conjectural. As it turned out, the surviving partner, who purchased the interest of the deceased at the inventory valuation of $450, succeeded in realizing about $1,500 on such interest, after more than two years of effort; but that is not conclusive as to its value at the time of the sale. It is apparent that he could collect more of the accounts than any one else, especially as many of the debtors presumably continued to be his patients. We have not before us all the evidence on which the single justice decided that the sale in question was an honest and reasonable one; but from the substance of it recited in the report it appears that the administrator was a certified public accountant and had lived in Pittsfield for twenty-two years; that before making the sale he obtained full information about the bills from the surviving partner, in whom he had confidence; and that he applied for and was granted a license to sell the estate's half interest in the accounts, after he had given to the judge of probate all the information that he had been able to get with reference to them. It now seems, when looking backward, that the administrator would have shown better judgment if he had allowed the surviving partner, as such, to collect the firm bills and to account for them to the estate. But in passing upon the good faith and due diligence of the administrator the single justice had the benefit of seeing and hearing the persons whose conduct was under inquiry, and this personal element well

may have been a determining factor in forming his conclusions. Confidence in the credibility of the man who testifies may carry conviction of the truth of a statement otherwise suspicious or improbable. We cannot say that he was not warranted in finding that the administrator exercised good faith and due diligence in disposing of an undivided interest in the uncollected bills.

In consequence of the rulings made at the request of the appellants, the evidence that had been admitted over their objection was rendered immaterial and eliminated from the case. It is therefore unnecessary to consider its admissibility.

What has been said disposes of all the objections now insisted upon. In accordance with the report a decree is to be entered affirming the decree of the Probate Court and remanding the case to that court for further proceedings.

*Ordered accordingly.*