HENRY SAVAGE CHASE CUMMINGS *vs.* JOSEPH B. RUSSELL, executor, & another.

Norfolk.    December 2, 1926. — March 3, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Probate Court*, Appeal, Finding by judge.   *Executor and Administrator.*
   *Evidence*, Presumptions and burden of proof.

On an appeal from a decree dismissing a petition filed in 1925 for the
   appointment of an administrator with the will annexed of the estate
   not already administered of one who died in 1885, it appeared that a
   decree was entered dismissing the petition after a hearing at which the
   evidence was taken by a stenographer under G. L. c. 215, § 18; and
   it was *held*, that the decree must be affirmed because upon the evidence
   findings were warranted either
      (1) That there had been a division of the estate among the several
   legatees on a basis which they had fully understood, and that the estate
   had been fully administered according to the will; or
      (2) That a settlement upon a claim put forward before the death of
   the executor, who was a son and a partner of the testator, had been
   made after his death with one of the next of kin, who was the mother
   of the petitioner, and that a release and discharge had been given, which
   upon conflicting evidence might have been found not to have been pro-
   cured by fraud; or
      (3) That an account filed by the personal representative of the ex-
   ecutor of the will in the matter of the estate of the testator and allowed
   by the Probate Court, while not an administration of the estate of the
   testator, conclusively established that nothing was due from the estate
   of the executor; or
      (4) That in the circumstances a delay until 1924 in discovering facts
   relating to the estate of the executor which had been a matter of public
   record since 1897 was such laches that the petitioner on the evidence
   presented was not entitled to the aid of the court in avoiding the effect of
   the settlement made with and the release given to the plaintiff's mother.
While, in dealings between a surviving partner and the estate of a de-
   ceased partner, there should be some one to act with sole reference to
   the interests of the estate, which may include in its assets a share in
   the good will of the business, in the circumstances disclosed by the
   record in the case above described, it was *held*, that the petitioner, who
   was seeking administration at the request of no party in interest except
   the executor of the will of a former beneficiary of the testator, could not
   successfully contend that his petition should be granted upon the
   ground that at the time of the settlement with such former beneficiary
   and at the time of the allowance of the account filed in the estate of the
   testator there was no one to represent that estate.

PETITION, filed in the Probate Court for the county of Norfolk on January 8, 1925, for the appointment of the petitioner as administrator with the will annexed of the estate not already administered of Henry S. Chase, late of Brookline.

The petition was heard by *McCoole*, J., a stenographer having been appointed under G. L. c. 215, § 18, to take the evidence. Material evidence is described in the opinion. By order of the judge, without a statement of facts found by him, a decree was entered dismissing the petition. The petitioner appealed.

*A. M. Beale*, for the petitioner.

*R. H. Holt*, for the respondents.

SANDERSON, J. This petition, filed January 8, 1925, is for the appointment of the appellant as administrator with the will annexed of the estate not already administered of Henry S. Chase, who died testate February 19, 1885. Under the will the residuary legatees were the testator's three children, William L. and Ellen Chase and Sarah Chase Cummings. William L. Chase was executor of the will and duly gave notice of his appointment; he died in October, 1895, without having filed an inventory or account as such executor. This petition is brought by the son of Sarah Chase Cummings, deceased, at the request of his father, who is the executor of her will. Ellen Chase is still living, but makes no claim that anything is due from the estate of her brother on account of his administration of her father's estate.

At the time of his death, Henry S. Chase and his son were conducting a business, as partners, under the name of H. and L. Chase, but no evidence was offered to prove the terms of their partnership agreement, and the exact interest of each in the partnership did not clearly appear. Testimony was introduced tending to show that at the time of the hearing there were no books of account relating to the partnership business during the lifetime of Henry S. Chase. It is apparent from the provisions of his will that he expected his son to take over and carry on the business, either alone or in a partnership, and his executor was given the right to make such arrangement as he deemed best about lending to himself

personally or to the firm the testator's funds therein, in order that the withdrawal of those funds might not interfere with the business. The making of such loans, however, was conditioned upon the son having at least an equal share of the profits with any other partners.

It is the contention of the petitioner that there are assets of the estate of Henry S. Chase in excess of $20 in value to be administered upon, consisting of a claim against the estate of William L. Chase for the value of the good will and for profits of the partnership. After hearing evidence taken by a stenographer appointed under G. L. c. 215, § 18, the judge of probate entered a decree dismissing the petition. Findings of fact based in part upon oral evidence will not be set aside unless clearly wrong. *Drew* v. *Drew*, 250 Mass. 41, 44. *Needham Trust Co.* v. *Cookson*, 251 Mass. 160.

William L. Chase, as executor, kept a book account relating to the estate of Henry S. Chase, the entries being made in his own writing, beginning a few days after his appointment and closing with the account balanced somewhat over two years later. In this book the executor purports to charge himself with an inventory value of his father's interest in the partnership as taken over by himself, and to credit himself with the payment of debts, expenses, and general legacies under the will, dividing the residue equally among the testator's three children. As authorized by the will he made temporary loans to the firm of a substantial part of these residuary shares. In January, 1887, he furnished his sister Sarah with a detailed statement of his financial relations with her including the payment to her of the larger part of her share of the personal property of her father's estate. About three months later she became of age and some months thereafter the last payment was made to her; and the evidence tended to show that the executor received a receipt for this final payment.

Before the death of William L. Chase, his sister Sarah made certain demands upon him, including those arising out of the settlement of the estate of Henry S. Chase. Shortly after the death of her brother, her counsel presented to the executors of his will a statement in writing of her claims

against that estate amounting to over $100,000, and including an item for a one-third interest in the good will of the firm of H. and L. Chase.   After negotiations between the parties the matter was settled by payment to this sister of $15,500 from the estate of William L. Chase, for which she executed releases under seal, acknowledging full satisfaction of and discharging all claims against William L. Chase in his lifetime, whether as executor or in any other capacity, and releasing all claims against the executors of his will including her claim to a legacy therein of $500.   She also acknowledged receipt in full of her share of the estate of her father, and waived all right to have made or filed an inventory or account in her father's estate by the executor of his will and by the executors of the will of William L. Chase.

In 1897, the executors of the will of William L. Chase caused an appraisal of the estate of Henry S. Chase to be made as of 1885 on the inventory form issued when his will was probated, in which the interest of Henry S. Chase in the firm of H. and L. Chase was stated to be $416,782.51. These executors filed this inventory and also a first and final account purporting to show a complete administration of the estate based upon that inventory, gains and income received, and upon payment of expenses, debts and legacies in accordance with the provisions of the will.   This account, after notice to all parties interested, was allowed on September 1, 1897.

Upon the evidence the judge may have found: (1) that William L. Chase, as surviving partner, in accordance with the testator's expectation, purchased the testator's interest in the partnership and thereafter conducted the business as his own; that the money paid for this purchase by him, being by far the largest asset of the estate, was used to pay debts and legacies, the residue being equally divided among the residuary legatees; that the residuary legatees understood these facts when receiving their respective shares of the estate; and that the estate had in fact been fully administered according to the will of Henry S. Chase; or (2) that the settlement with Sarah Chase Cummings and her releases barred her and her executor from contending that

there were assets of her father's estate for which the estate of William L. Chase was accountable; or (3) that the account of the executors of the will of William L. Chase, filed in the case of Henry S. Chase and allowed by decree of court, while not an administration upon the estate of Henry S. Chase, conclusively established the fact that there was nothing due that estate from the estate of William L. Chase. *Foster* v. *Bailey,* 157 Mass. 160. *Rhines* v. *Wentworth,* 209 Mass. 585, 589.

There is no merit in the contention that the executors of the will of William L. Chase could not make a valid settlement with Mrs. Cummings. But the petitioner asserts that this settlement, made in 1895, was invalid because Mrs. Cummings was misled as to the size of the estate of William L. Chase by certain false, fraudulent and misleading statements made by counsel for the executors, one of which was oral and the other written; and that the estate of Henry S. Chase is not bound by the settlement or the account, because there was no one then authorized to act for that estate. The executor of the will of Mrs. Cummings testified that this petition was filed at his request and was based upon a discovery made in 1924 that the estate of William L. Chase as shown by the probate records was larger than it had been represented to be. The petitioner relies for proof of the oral representation upon the testimony of the executor of the will of Mrs. Cummings to the effect that before the settlement was made in 1895, counsel for Mrs. Cummings told her that counsel for the executors had said that the estate of William L. Chase would not exceed $600,000 or $700,000. For proof of the other representation, the petitioner relies upon a portion of a letter written in November, 1895, to counsel for Mrs. Cummings by counsel for the executors, in substance stating that it seemed that, under the will of William L. Chase, there were specific bequests of several hundred thousand dollars which would have precedence over a number of small legacies, including one of $500 to Mrs. Cummings, and that as the money for these bequests would have to be realized from the winding up of the commercial firms and manufacturing operations in which the testator was concerned, it was

a matter of some doubt whether the small legacies would ever be paid and at all events they could not be reached for a long time in the settlement of the estate.

The contention that the judge should have found that the settlement was invalid because induced by fraud of the executors or their counsel cannot be sustained. He may not have placed credence in the testimony relating to the oral statement; or he may have believed that the reference to the amount of the estate, if made and if material, was not without justification, when the valuation in the inventory later made is considered in connection with the items in the account as to the amount of debts, charges and expenses of administration, and the evidence as to the source from which the increase over inventory value was derived. It was for the judge to decide what weight he would give to the declaration made by the executors on their probate bonds. From their first account and other evidence, a finding would have been justified that the legacies in the clause under which Mrs. Cummings took were to be deferred and that the written statement of counsel fairly represented the facts as they appeared to be when it was made. The judge may have decided that Mrs. Cummings in making the settlement relied solely upon her own judgment and the advice of her counsel, and not upon any statement made by counsel for the executors; or that, under the circumstances here disclosed, the delay until 1924 in discovering facts relating to the estate of William L. Chase which had been a matter of public record since 1897 was such laches that the petitioner on the evidence presented is not entitled to the aid of the court in avoiding the effect of the settlement and releases made by her. *Farnam* v. *Brooks,* 9 Pick. 212, 244. *Ela* v. *Ela,* 158 Mass. 54, 59. *Sawyer* v. *Cook;* 188 Mass. 163, 168.

Upon the facts in this case the petitioner, who is seeking administration at the request of no party in interest except the executor of the will of Mrs. Cummings, cannot successfully contend that his petition should be granted upon the ground that at the time of the settlement with her and at the time of the allowance of the account filed in the case of Henry S. Chase, there was no one to represent that estate.

It is well established that in dealings between a surviving partner and the estate of a deceased partner, there should be some one to act with sole reference to the interests of the estate, *Denholm* v. *McKay*, 148 Mass. 434, 440, 441, and also that the interest of a deceased partner in the good will of the business may be an asset of his estate. *Moore* v. *Rawson*, 185 Mass. 264. But, while recognizing the full force of these principles, we would not be justified on the facts presented by this record in deciding that the order dismissing the petition is wrong.

All questions argued have been considered and no reversible error is found.

*Decree affirmed.*