## HANCOCK BANK & TRUST CO.
### vs.
### Abraham NEWMAN[1]

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

**February 6, 1980**

Bryan J. Stevens for the plaintiff.
Abraham Newman for the defendant.

Present: Lee, P.J., Rider & Welsh, JJ.

**LEE, P.J.** This is an action in contract brought by the plaintiff to recover monies for goods purchased by way of a Mastercharge card by the defendant's deceased.

The defendant answered by way of a general denial and an allegation of payment. The court found for the plaintiff in

the amount of $1,385.00 with interest and costs.

The evidence tended to show the following:

When a customer, such as the defendant's deceased, would make a purchase charged to his Mastercharge account, a receipt would be prepared in triplicate. One copy was given to the customer, one to the merchant and the last to the New England Bankcard Association. (hereinafter "NEBA"). The merchant would take his copy to the merchant's bank and would be paid for the goods or services as reflected in the receipt. The bank would then turn to NEBA, and the customer's account would be debited accordingly. NEBA would send a monthly statement to the customer, who would submit payment to the card-issuing bank. The bank would in turn forward such payment to NEBA.

The task of keeping records of the customer's purchases and payments were performed by NEBA. Copies of all NEBA statements concerning the defendant's decedent were introduced, over the defendant's objection, for purposes of proving the allegations of the plaintiff's complaint.

Said copies were introduced through one Christopher Kelly, an employee of the plaintiff, who became familiar with NEBA's recordkeeping system in 1978. The most recent transaction relative to the account of the defendant's decedent took place in February, 1977.

The defendant submitted three requests for rulings of law. Two were denied, and the defendant claims to be aggrieved by their denial.

The rulings were as follows:

"1. There is not sufficient evidence to warrant a finding for the plaintiff.

"2. On all the law and evidence, there must be a finding for the defendant because:

A. The plaintiff has not sustained its burden of proof."

The trial justice made no finding of facts. We must look, therefore, to the reported evidence to see whether or not he made correct rulings of law and whether his decision is supported by said evidence.

The defendant made a timely objection during the trial to the admission of certain evidence, but he did not perfect his objection to that evidence and it is not set forth in the report. We are, therefore, concerned only with the correctness of the trial justice's rulings on the two requests for rulings of law which are raised in the report.

A review of the testimony, as reported, indicates that sufficient evidence existed to support the trial justice's rulings on both requests.

Findings of fact by the trial justice on admissible evidence will not be set aside unless clearly erroneous. Dist./Mun. Cts. R. Civ. P. 52(a); **United States v. United States Gypsum Co.**, 333 U.S. 364, 395, 68 S.Ct. 525, 542 (1948); **Sulmonetti v. Hayes**, 347 Mass. 390, 391 (1964); **Murphy v. Hanlon**, 322 Mass. 683, 685 (1948); **Malden Tr. Co. v. Brooks**, 291 Mass. 273, 279 (1935).

In addition, the defendant must specify the grounds with particularity in regard to a ruling based upon "all the evidence," and there is no such specification in the requests at issue. **Perma-Home Corp. v. Nigro**, 346 Mass. 349, 353-354 (1963); **Irving v. Bonjorno**, 327 Mass. 516, 518 (1951).

There being no prejudicial error, the report is dismissed.

**So ordered.**
**P.J. Lee**