## CITIZENS' BANK & TRUST CO. v. CITY OF PRYOR CREEK.

No. 6793—Opinion Filed Oct. 9, 1917.

(168 Pac. 208.)

**1. Judgment—Vacation—Fraud.**

Where, in a proceeding for such purpose, fraud of the prevailing party alleged to have prevented the presentation of a defense to the action is relied upon to vacate a judgment, such fraud, to be available, must be unmixed with the fraud or negligence of petitioner or his agents.

**2. Same—Petition.**

Petition examined, and held not to state facts sufficient to justify vacation of the judgment on the ground of fraud practiced by the successful party in obtaining the same.

(Syllabus by Bleakmore, C.)

Error from County Court, Mayes County; J. E. Bristow, Judge.

Proceeding by the City of Pryor Creek, a municipal corporation, against the Citizens' Bank & Trust Company, seeking the vacation of a judgment upon certain municipal warrants. Judgment for petitioner, and defendant brings error. Reversed.

I. C. Duckworth, for plaintiff in error.

Fisher & Hill, for defendant in error.

Opinion by BLEAKMORE, C. This case presents error from the county court of Mayes county. On the 24th day of May, 1913, in an action in that court in which recovery was sought upon certain warrants issued by the town of Pryor Creek, the Citizens' Bank & Trust Company obtained judgment by default against the city of Pryor Creek, in which judgment it is recited:

"The court further finds from the evidence that some time prior to May 11, 1911, the incorporated town of Pryor Creek, Okla., contracted with divers and sundry persons to do and perform certain work and labor, in and about the streets of said town, for the benefit and improvement of said streets, and the alleys of said town; that pursuant to said contracts and agreements, said work and labor was duly done and performed, and was by said incorporated town accepted as being in conformity to the terms and conditions of said agreements; that by reason thereof, the said incorporated town of Pryor Creek became indebted to said persons for the amount due each of them for said work and labor, and liable to pay therefor; that prior to said May 11, 1911, said incorporated town of Pryor Creek, Okla., acting through its proper officers, allowed the claims of each and all of said persons to whom money was due for work and labor aforesaid, and issued its certain warrants, numbered 109, 112, 114 and 115, aggregating the sum of $573.75, and delivered the same as evidence of its said indebtedness. The court further finds that on May 11, 1911, the said town of Pryor Creek, Okla., by virtue of the proclamation of the Governor of the state of Oklahoma, became and now is a municipal corporation of the first class; that said city of Pryor Creek, Okla., the defendant, thereby became the legal successor of said incorporated town of Pryor Creek, Okla., and became liable for the valid indebtedness of said incorporated town."

On June 9, 1914, this proceeding was commenced in said court by the city of Pryor Creek, seeking the vacation of said judgment; it being alleged in the petition:

"Plaintiff further says that the reason that the judgment in said case No. 286, Civil, was a default judgment, and no appearance and defense made by the city, is that there was an agreement and understanding between J. Z. Hogan, the then mayor of said city, and the officers of this defendant bank, whereby the said city would not appear and would not defend said action, and that said agreement was fraudulent, in that it prevented the said city, the plaintiff herein, from appearing and presenting the legal defenses which it had to said action, No. 286. Civil. Plaintiff further says that it had a legal defense to said action No. 286, Civil, and that the judgment rendered therein, as above set out, is void. And plaintiff alleges the facts to be that said judgment is a general judgment against this plaintiff, when said judgment shows on its face that the only judgment, if any, to which defendant herein could have been entitled in said case No. 286, Civil, was a judgment against the street improvement funds of the fiscal year of 1910 and 1911, which fiscal year began July 1, 1910, and ended July 1, 1911, of the city of Pryor Creek. Plaintiff further alleges the facts to be that the warrants numbered 109, 112, 113, 114, and 115, which are the warrants upon which the judgment in case No. 286, Civil, is based were at the time of their issuance and acceptance, and at all times thereafter, void, and were not a legal charge or claim against this plaintiff for the following reasons, to wit: That said warrants, and all demands and claims represented by said warrants, were for liabilities incurred by the city of Pryor Creek, the plaintiff herein, for and during the fiscal year beginning July 1, 1910, and ending July 1, 1911. That all of said claims and warrants were payable out of the street improvement fund of said city, and that at the time that said warrants were issued, to wit, April 1, 1911, there had been allowed for the debts and liabilities of said city incurred during the fiscal year ending July 1, 1911, demands against the street improvement fund, amounting to more than the funds paid, or payable into said fund, and that on the 1st day of April, 1911, there was a deficiency in said street improvement fund, which was represented by allowed and registered warrants, for the payment of which no money had been provided, and no estimate had been made and approved. Plaintiff further says that there was not on the 1st day of April, 1911, and has not been at any time since said date and will not be at any future time, any money of the income or revenue of said fiscal year in said street improvement fund, applicable to the payment of said warrants numbered 109, 112, 113, 114, and 115. And plaintiff says that there was never at any time any money of whatsoever amount in the street improvement fund of the city or town of Pryor Creek for the fiscal year ending July 1, 1911. Plaintiff further alleges the facts to be that at the time of the issuance and acceptance of said warrants numbered, 109,

112, 113, 114, and 115, there had been allowed and audited demands and claims for the debts and liabilities of the city incurred during the fiscal year, and warrants had been issued for said demands and claims against the various funds of said city, amounting to more than the moneys paid or payable into all the funds of said city for the fiscal year ending July 1, 1911, and that on said 1st day of April, 1911, there was a deficiency in the funds of said city which was represented by allowed and registered demands, and upon which warrants had been issued, and for the payment of which no money had been provided, and that said deficiency still exists, and that there has not been since the 1st day of April, 1911, is not now and will not at any future time be any money of the income and revenue of said fiscal year ending July 1, 1911, in any fund or funds of said city, nor in the treasury of said city, from any source applicable to the payment of the above-numbered warrants."

The court below overruled a demurrer to the petition, and upon defendant declining to plead further, vacated said judgment; to review which action of the court this proceeding is prosecuted. We are of opinion that the trial court erred in overruling such demurrer.

The validity of the indebtedness evidenced by the warrants of the town of Pryor Creek upon which recovery was had was specifically determined by the judgment in the original action. It is set forth in the petition in the present proceeding that the city had a legal defense to such action, which (although all the facts constituting the same were necessarily within the knowledge of its officers) was not interposed on account of an agreement between the mayor and bank that the city would not avail itself thereof. That such agreement was fraudulent is a mere conclusion of the pleader and insufficient in itself to authorize the vacation of the judgment on the ground of fraud practiced by the successful party. If we apply the rules which obtain in equity, where the same relief is sought, to this statutory proceeding to vacate a judgment, yet the allegations of the petition are not adequate to justify interference on the ground of fraud. Where, as in the instant case, fraud of the prevailing party preventing the presentation of a good defense to an action is relied upon to vacate a judgment, such fraud, to be available, must be unmixed with any fraud or negligence of the complainant or his agents. In Ashton v. Board of Com'rs of Murray County, 58 Okla. 259, 158 Pac. 901, it is held:

"Equity does not interfere with judgments at law, unless the complainant has an equitable defense of which he could not avail himself at law, or had a good defense at law which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents."

In the body of the opinion it is said:

"Counsel for plaintiff in error in his brief presents the case as though all defenses available at the trial of the cause wherein the judgment sought to be enjoined was entered were also available at the present trial in order to defeat the claim of Gatlin. This is not the law. Such irregularities in the creation of the debt as would have constituted matter of defense in the action in which the judgment was rendered are conclusively presumed to have been passed upon at the former trial, unless it is shown that the judgment was obtained directly by fraud."

In Baylies on New Trials and Appeals, p. 12, it is stated:

"The fraud which will justify equitable interferences in setting aside judgments and decrees must be actual and positive, and not merely constructive. It must be that which occurs in the very concoction or procuring of the judgment or decree, and something not known to the opposite party at the time, and for not knowing which he is not chargeable with negligence. Relief can be granted only upon some new matter of equity not arising in the former case. Equity will not take cognizance on the same grounds of the very point which another court of competent authority in the case has considered and decided. Ross v. Wood, 70 N. Y. 8. It is not sufficient to authorize the interference of the court that it is shown that the claim upon which the judgment was obtained was unfounded, or that there was a good defense to the action, or that the court erroneously decided the law, or that the defendant omitted to avail himself of his defense, if before the judgment was rendered the facts were known, or might by reasonable diligence have been ascertained by him. Smith v. Nelson, 62 N. Y. 286; Stilwell v. Carpenter, 59 N. Y. 414; Id., 62 N. Y. 639; Foster v. Wood, 6 John. Ch. [N. Y.] 89. There must be facts which prove it to be against conscience to execute the judgment, and which the injured party could not make available in a court of law or which he was prevented from presenting by fraud or accident unmixed with any fraud or negligence in himself or his agents. Kinnier v. Kinnier, 45 N. Y. 535 [6 Am. Rep. 132]; McVickar v. Wolcott, 4 Johns, [N. Y.] 510; New York & Harlem R. R. Co. v. Haws, 56 N. Y. 175, 181." Knox County v. Harshman, 133 U. S. 152, 10 Sup. Ct. 257, 33 L. Ed. 586; Deweese v. Reinhard, 165 U. S. 386, 17 Sup. Ct. 340, 41 L. Ed. 757.

It follows that the judgment of the trial court overruling the demurrer to the petition to vacate the judgment in the original cause should be reversed.

By the Court: It is so ordered.