MALDEN TRUST COMPANY, trustee, *vs.* CHARLES C. BROOKS & others.

Middlesex.    May 13, 1931. — September 10, 1931.

Present: CROSBY, PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Probate Court*, Jurisdiction, Proceedings in equity, Parties. *Equity Jurisdiction*, Of probate court. *Partnership*. *Trust*.

Upon the death of one of three partners, the surviving partners exercised the right given to them by the partnership agreement to purchase his interest. The partnership then was incorporated and common stock was issued to the surviving partners. A substantial portion of the purchase price for the deceased partner's share was paid in preferred stock in the corporation, which had no voting power and was limited to an annual dividend of five per cent. Such preferred stock was issued to one of the surviving partners, who was trustee under the will of the deceased partner. The surviving partners concealed material facts from the widow of the deceased partner, the executrix under his will, while negotiating with her for the purchase of his share. In

subsequent years the corporation earned large profits. By reason of their ownership of common stock, the surviving partners derived a benefit from such profits greatly in excess of the benefit derived by the trust under the will from its holdings of the preferred stock. In a petition in equity in the Probate Court by a succeeding trustee under the will against the corporation and the surviving partner who was not trustee under the will, the petitioner alleged that the respondents were unjustly enriched by such profits at the expense of the deceased partner's estate and sought an accounting therefor. *Held*, that

(1) The individual respondent, as a surviving partner, stood in a fiduciary relationship to the estate of the deceased partner, and was under a duty to its representative to disclose voluntarily all facts bearing on the value of the partnership assets;

(2) The right given by the partnership agreement to purchase the deceased partner's share did not relieve him of such duty;

(3) The Probate Court had jurisdiction of the petition under G. L. c. 215, § 6, as amended by St. 1929, c. 342: the respondents, by reason of the individual respondent's breach of duty, were trustees of a fund for the benefit of the estate;

(4) The succeeding trustee properly was the petitioner; and it also was proper to join beneficiaries and the personal representative under the will as respondents: the individual respondent's fiduciary duty was owed to all such persons and his breach of duty was an injury to all.

PETITION IN EQUITY, filed in the Probate Court for the county of Middlesex on September 29, 1930.

The petition and answer are described in the opinion. By order of *Harris*, J., there was entered an interlocutory decree overruling the answer so far as it constituted a plea to the jurisdiction of the court. The judge reported the petition for determination by this court under G. L. c. 215, § 13.

*E. F. McClennen*, for Charles C. Brooks and another.

*A. N. Hunt*, (*F. M. Sawtell* with him,) for Malden Trust Company, trustee.

*J. F. Neal*, for Edmund Ball Hopkins and another.

*S. H. Wellman*, (*J. G. Palfrey* with him,) for Freelon Q. Ball, executor.

PIERCE, J. In accordance with G. L. c. 215, § 13, this case is before this court on the report of a judge of the Probate Court, which followed an interlocutory decree overruling paragraphs 1 and 2 of the respondents' answer in so far as they constitute pleas to the jurisdiction of the Probate Court.

The pertinent facts alleged in the petition are in substance as follows: Carlos E. Ball died testate on January 10, 1909. His widow, Elizabeth W. Ball, was appointed executrix February 16, 1909. She died on April 12, 1924. Edward C. Ball, Frederick H. Page and William Leavens were appointed trustees under his will, and thereafter served until Page died on June 5, 1924, Leavens died on December 4, 1924, and Ball resigned on March 4, 1926. The petitioner was appointed trustee under said will on March 4, 1926. Freelon Q. Ball was appointed executor of the executrix's will on June 25, 1924, and on December 9, 1925, Harry W. Conant was appointed administrator with the will annexed of the estate not already administered of said Carlos E. Ball. On October 14, 1924, Sarah F. Hopkins was appointed by the court guardian of Edmund Ball Hopkins, Jr. and Blanche E. Hopkins, minor children of Edmund Ball Hopkins. By the will of Carlos E. Ball the residue of his property was left to the trustees, above named, to pay the income to his widow during her life and after her death to divide one third of it among her heirs, and to hold the other two thirds for her grandson, Edmund Ball Hopkins, until he reached the age of twenty-five years and one third until he reached the age of forty years.

At the time of the death of Carlos E. Ball he and Edward C. Ball, both of Malden, Massachusetts, and Charles C. Brooks of Gardner, Massachusetts, were copartners, doing business in Boston and Gardner under written articles of copartnership. Carlos E. Ball held one-half interest in the partnership, Edward C. Ball owned one-third interest, and the respondent Charles C. Brooks one-sixth interest. The copartnership occupied for its business certain real estate in Gardner which was owned by the partners in the same proportion they shared in the partnership. Among the provisions of the copartnership articles was this: "If either partner shall die before the dissolution of this partnership the surviving partner or partners shall have the right to purchase the share of his deceased partner in the partnership effects. In order to exercise this right the surviving

partner or partners shall within thirty days from the appointment of an executor or administrator over the estate of the deceased partner give to the said representative a written notice of his election so to purchase. If the surviving partner or partners and the representative of the deceased partner are unable to agree upon the price to be paid for the share of the deceased partner, then the value thereof shall be determined . . . by arbitration." The petition alleges "that the fair value of the net interest of said Carlos E. Ball in said copartnership business, including the real estate used by said partnership in its business at the time of the death of said Carlos E. Ball, was considerably in excess of . . . $152,040.42." The executrix and the surviving partners agreed that the testator's interest in the partnership was worth $152,040.42.

The surviving partners desired to purchase the interest of their deceased partner in said real estate and any personal property owned by the copartnership and used in said copartnership business. They accomplished their desire in the following way: They organized a corporation, known as the Conant Ball Company, to take over the partnership business as a going concern and to purchase and acquire the property of the copartnership and the real estate used in its business. The authorized capital stock to be issued was $150,000, consisting of twelve hundred shares of preferred stock and three hundred shares of common stock all of the par value of $100 per share. The preferred stock had no voting power and was limited to a dividend of five per cent. The common and preferred stocks were actually issued on or about June 7, 1909. The plan above stated involved the purchase from the estate of Carlos E. Ball of all his interest in the partnership business of Conant Ball and Company and in his said real estate at Gardner for the sum of $152,040.42, this amount to be paid as follows: $52,040.42 in cash and $100,000 in preferred stock of the respondent corporation. This plan, without any notice to the beneficiaries of the trust under the will of Carlos E. Ball, was afterwards changed, and for $32,000 of the preferred stock there was substituted a mortgage

on the real estate in Gardner used in said business. It resulted that six hundred eighty shares of preferred stock were given to the executrix, $52,040.42 in cash, and a note secured by a mortgage on the real estate used by the partnership and its successor, the respondent corporation.

Charles C. Brooks and Edward C. Ball had at all times a very large controlling interest in the common stock of the corporation. Both knew the contents of the will of Carlos E. Ball, knew the facts as to the trust and beneficiaries thereunder, the value of the testator's interest in the business and real estate used by the partnership, knew that there was a reasonable certainty of a steady increase in the value of the properties, that a greater proportional profit was reasonably to be expected therefrom, and they conceived the plan which was carried out to obtain the interest of the estate of Carlos E. Ball, keeping their own shares of the assets of said copartnership. The plan contemplated that Brooks and Edward C. Ball could pay for the interest of the estate from time to time as they chose out of the expected profits of the aforesaid business and "at the same time obtain large profits, emoluments, benefits and advantages for themselves while limiting the estate . . . and the beneficiaries of the trust" under the will to a gross income of five per cent per annum on what they should decide to pay for such interest.

The executrix transferred and conveyed to the respondent Conant Ball Company the aforesaid interests in the copartnership, the corporation, through its officers, having full knowledge that the said "transaction was brought about and accomplished by concealment of material facts concerning the aforesaid copartnership and its financial condition or by misrepresentation of actual facts concerning the same" to the executrix. The result accomplished by the carrying out of the plan was, as was well known to Edward C. Ball and to Brooks, to place in the hands of the trustees under the will of Carlos E. Ball, at par, a large amount of preferred stock of a business corporation whose stock was not worth par, which was not a prudent investment as it constituted too large a proportion of the trust estate. The

plan and its consequences were a breach of the fiduciary duty of Charles C. Brooks and Edward C. Ball as surviving partners, and were a breach of the latter's duty as trustee under the will, in which he was aided and abetted by the former.

The respondent corporation prospered and ultimately paid off the mortgage and retired its preferred stock with the profits. Some of those profits which have been received by Brooks constitute an unjust enrichment at the expense of the trust for which the corporation and Brooks should account, the precise amount not being ascertainable without an accounting. From February 1, 1909, the date when the corporation took over the business, until October 20, 1909, the date when the mortgage was given to the trustees, the trust estate received neither rent for the real estate used in the business nor interest on the value of the testator's share in the business.

The paragraphs of the answer directed to the jurisdiction of the Probate Court are as follows: "First On the allegations of the petition, this petition against Charles C. Brooks and the Conant Ball Company is not within the jurisdiction of this court. With respect to each of them, it does not relate to the administration of an estate or to a trust created by will or other written instrument, or to a trust created by parol, or to a constructive or resulting trust within the provisions of G. L. c. 215, § 6, as amended by the St. 1929, c. 342, or the other provisions giving jurisdiction to the Probate Court. The petition should be dismissed as matter of law for lack of jurisdiction Second Neither Charles C. Brooks nor the Conant Ball Company has held the relation of trustee, either of an express trust or of a constructive trust or of a resulting trust, to the Malden Trust Company, personally or as a trustee under the will of Carlos E. Ball, or to any predecessor in trust of that company, and, therefore, this court is without jurisdiction of this petition against said Charles C. Brooks or said Conant Ball Company. Wherefore the petition should be dismissed as to said Charles C. Brooks and said Conant Ball Company for want of jurisdiction."

G. L. c. 215, § 6, as amended by St. 1929, c. 342, entitled "An Act Extending the Jurisdiction in Equity of the Probate Courts" amends G. L. c. 215, § 6, by striking it "out and inserting in place thereof" the following: "Probate courts shall have jurisdiction in equity, concurrent with the supreme judicial and superior courts, of all cases and matters relative to the administration of the estates of deceased persons, to wills, including questions arising under sections twenty and twenty-one of chapter one hundred and ninety-one, to trusts created by will or other written instrument and, in cases involving in any way the estate of a deceased person or the property of any absentee whereof a receiver has been appointed under chapter two hundred or the property of a person under guardianship or conservatorship, to trusts created by parol or constructive or resulting trusts, of all matters relative to guardianship and conservatorship and of all other matters of which they now have or may hereafter be given jurisdiction. Such jurisdiction may be exercised upon petition according to the usual course of procedure in probate courts."

The allegations set forth in the petition, which must be taken to be true, establish that Charles C. Brooks stood in a fiduciary relation to the estate of Carlos E. Ball; that he had full knowledge of all material facts and received a substantial portion of the profits attributable to the use by Edward C. Ball, trustee under the will of Carlos E. Ball, of the funds of the Carlos E. Ball estate held by Ball in trust. As one of the surviving partners he was a trustee of the partnership *res* and, as such, in purchasing the interest of his deceased partner he owed a duty to the personal representative of the deceased partner, a *cestui que trust* with reference to the partnership property, to acquaint such representative with full information as to the assets and the facts from which their value could be estimated or inferred. It is not sufficient that he did not withhold or conceal information; it was incumbent on him to disclose voluntarily all within his possession or knowledge from which a sound judgment as to the value of the interest might be

found. . *Farnam* v. *Brooks*, 9 Pick. 212, 231–232. *Denholm* v. *McKay*, 148 Mass. 434. *Dewey* v. *Chapin*, 156 Mass. 35. *Ball* v. *Hopkins*, 268 Mass. 260. The provisions of the partnership articles did not diminish Brooks's obligations as a surviving partner to deal fairly toward the executrix and the beneficiaries of the trust, and to disclose to her fully and clearly the financial status of the partnership and the prospect of future earnings. *Cotton* v. *Stevens*, 79 N. H. 224. *Tennant* v. *Dunlop*, 97 Va. 234. Under the partnership agreement Brooks, as a trustee, had the option of purchasing the interest of the representative of the Carlos E. Ball estate, but he could do so only on the condition that he made a full and fair disclosure of all material facts which might influence the mind of a prudent person in concluding the bargain. *Farnam* v. *Brooks*, 9 Pick. 212. *Brown* v. *Cowell*, 116 Mass. 461. *Ball* v. *Hopkins*, 268 Mass. 260, at page 266, and cases cited.

It is for a court with jurisdiction in equity to determine whether or not the obligation has been fulfilled. If the allegations of the petition are proved, the appellants will be found to be holding in trust, by reason of Brooks's breach of fiduciary duty, a fund to which the petitioner and the beneficiaries under the will of Carlos E. Ball are entitled. That the quoted statute, St. 1929, c. 342, gives jurisdiction to the Probate Court to ascertain the facts in support of the allegations of the petition is not open to serious question. *Phillips* v. *McCandlish*, 239 Mass. 301. *Mitchell* v. *Weaver*, 242 Mass. 331. *Coffey* v. *Rady*, 267 Mass. 301. *Buzzell* v. *Schultz*, 273 Mass. 372. *Barron* v. *Barronian*, 275 Mass. 77. Since this is not a suit for rescission, tender of the stock and cash received by the estate is not necessary to be made to the appellants. The Malden Trust Company, trustee under the will, is properly a petitioner, the beneficiaries and the administrator of the estate of Carlos E. Ball being joined as respondents. Brooks's fiduciary duty was owed not only to the executrix of his deceased partner's estate and her successors, but also to the trustees and beneficiaries under his will. His breach

of duty deprived them all of property to which they were entitled.   See *Sears* v. *Hardy*, 120 Mass. 524;  *Parker* v. *Simpson*, 180 Mass. 334.

*Decree affirmed.*