YANAKEFF *v.* GEORGE.

[No. 26,264. Filed February 26, 1935.]

*Andrew Jacobs,* and *Paul G. Sirmin,* for appellant.
*Jacob Weiss,* for appellee.

FANSLER, C. J.—Appellant's deceased husband and appellee were partners in the restaurant business. Appellant brought this action below to have a receiver appointed for the surviving partnership.

An appeal was taken under section 1302, Burns 1926, which provides for appeals within ten days from judgments or orders appointing a receiver. An exception to the judgment or order is sufficient to present the merits of the case here without filing a motion for a new trial.

Appellant predicates error upon the judgment refusing the application for a receiver.

Appellee moved to dismiss the appeal, asserting that appellant had not complied with clause 5 of rule 21 of this court, which provides, in relation to the statement of the record being set out in the brief:

"If the insufficiency of the evidence to sustain the verdict or finding in fact or law is assigned, the statement shall contain a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely."

But sufficient of the evidence is set out to present the question, if appellant is right in her theory of the case.

Sections 12163-12169, Burns 1926, make provision for the settlement of surviving partnerships. It is provided that the surviving partner shall, within sixty days after death of a partner, make an inventory of the assets, which shall be filed in the probate court having jurisdiction; that he shall immediately, on filing the schedule of assets, prepare and file an affidavit that the schedule contains a full, true, and complete list of the property of the partnership; and that he shall file a full, true, and complete list of the liabilities as of the time of the death of the deceased partner; and that he shall file a bond in double the amount of the interest of the deceased partner. It is further provided that, if said bond is not filed within ten days after the filing of

the schedule, or if he shall fail to file the inventory, or fail or refuse to take upon himself the settlement of the business of the partnership, the judge of the probate court shall, upon the petition of any one interested in the settlement of such partnership, appoint a receiver to settle its affairs.

It appears from the evidence that appellee, the surviving partner, did not comply with the statute for more than a year. On October 20, 1932, appellant filed a petition with the probate court to have a receiver appointed. On October 22, 1932, appellee filed an inventory and appraisement, with list of liabilities, and, on October 25, 1932, filed a bond to the approval of the court, and, before the hearing or return day upon the petition, filed a final report in the surviving partnership. The contents of the inventory, list of liabilities, and final report are not disclosed, nor is it disclosed whether the report was approved, or whether there were any assets or liabilities.

It is appellant's theory that a showing that an inventory and appraisement and bond were not filed within sixty days after the death of the deceased partner, is sufficient to require the appointment of a receiver. We cannot concur in this very strict view of the statute. We believe that some discretion is vested in the probate court; that a receiver need not be appointed where there are no assets to be administered, or in any other case where no good would be accomplished by the appointment. The purpose of the statute is to provide some method of settling surviving partnerships under the supervision of a court of probate jurisdiction. The statute gives preference to settlement under the supervision of the surviving partner or partners. It seems clear that, even though steps were not taken under the statute within sixty days, but were taken before the filing of

the petition for a receiver, the purpose of the statute would not require that a receiver be appointed upon application thereafter made upon that ground alone. We gather from the evidence that, before this action was brought, the surviving partner had made some small payments to the appellant out of the partnership. Immediately upon filing of the petition for receiver the surviving partner seems to have taken the steps required by the statute and filed not only an inventory, list of liabilities, and bond, but a final report, which had either been approved, or was pending in the probate court in which this cause was tried. While these papers were not in evidence, the fact of their being filed was in evidence, and there was no evidence that there was anything for a receiver to do if one were appointed. The action of the court in refusing to appoint a receiver can only be reversed upon a showing of an abuse of discretion, which the record here does not disclose.

Judgment affirmed.