METZGER et al. v. TURNER.

No. 31128. May 8, 1945.

*158 P. 2d 701.*

W. C. Alley, of Okmulgee, for plaintiff in error H. W. Metzger.

Reily & Reily, of Shawnee, for plaintiff in error Elsie Nash.

Arrington & Miller, of Shawnee, for defendant in error.

RILEY, J. This is an appeal from an order sustaining demurrers to and dismissing separate petitions by plaintiffs in error to vacate a judgment.

On July 22, 1940, Fred O. Turner, defendant in error herein, commenced

suit to quiet title to 80 acres of land in Pottawatomie county. Numerous persons were made parties defendant, including plaintiffs in error herein, H. W. Metzger and Elsie Nash. In that suit, Fred O. Turner alleged that he was the owner of the land and was in possession thereof. He did not deraign his title. On November 19, 1940, judgment was entered in that suit finding and decreeing that plaintiff was the owner and in possession of the surface rights of the land; that plaintiff, and three of the defendants who had appeared, owned the mineral interests therein, and that all other defendants, including Metzger and Nash, who had been duly served with summons, were in default and had no interest in the land. The decree quieted title in plaintiff as against all nonappearing defendants, including Metzger and Nash.

More than one year, but less than two years, thereafter, defendants H. W. Metzger and Elsie Nash filed in said cause their separate, verified petitions seeking vacation of the judgment. Metzger alleged that he owned an undivided 1/8 interest in the mineral rights in and under said land, and Nash alleged that she owned an undivided 1/12 interest in both the surface and mineral rights. They assert, substantially on the same ground, that the judgment and decree is void because the claim of title by Turner was based solely upon a certificate tax deed from the county treasurer, dated May 1, 1940, and that said tax deed is void on its face for the reason that it recited that on November 7, 1932, the county treasurer sold said land for the taxes levied thereon for the year 1932; that the taxes for the year 1932 were not delinquent and therefore the county treasurer was wholly without authority to sell said land for taxes on November 7, 1932. The petition also alleges that the tax deed was void for lack of notice of intention to apply to the county treasurer for the deed. They further alleged that the judgment sought to be vacated was void on account of alleged false allegation that plaintiff was in possession of the land and that he had no title thereto and knew that he had no title thereto, and that he falsely alleged that he was in possession in order to avoid joining an action in ejectment in which he would have been required to deraign his title, and that he knew if he did so, it would reveal the invalidity of his tax deed, and that his false allegations of ownership and possession were made to deceive and mislead the court and to induce the court to assume jurisdiction of a cause of action to quiet title, and that plaintiff, in procuring said judgment, intentionally and fraudulently withheld from the court the true facts with reference to his claim of ownership and lack of possession, and that the false allegations of ownership and possession and the subsequent false proof in support thereof constituted a fraud upon the court and resulted in an unjust judgment which would not have been rendered except for said fraudulent acts. A copy of the Turner petition and the judgment sought to be vacated were attached to each of the petitions to vacate. Metzger and Nash each submitted a proposed answer which stated a good defense to Turner's petition and each tendered the taxes necessary to redeem the land from the tax sale.

Both petitions are silent as to whether petitioners were served with summons in Turner's action to quiet title and make no allegations as to why they did not appear and defend the action to quiet title. Neither petition alleged that the findings of the court, in the suit to quiet title, that defendants: ". . . H. W. Metzger . . . and Elsie Nash . . . were duly and legally served with summons, all according to law," and: "that each and both of them should be adjudged in default," were untrue.

Turner filed separate demurrers to said petitions to vacate. The two demurrers were sustained. Metzger and Nash announced that they would stand on their respective petitions, whereupon the petitions were dismissed and defen-

dants Metzger and Nash appealed. The order of dismissal recites, as a part of the record, that petitioners were served with summons in the case and were in default at the time judgment was entered. The assignment of error is that the court erred in sustaining the demurrers.

The principal contention is that a court does not have jurisdiction to quiet title on behalf of a plaintiff who is not in possession unless he couples with his cause of action to quiet title a cause of action in the nature of ejectment and therein deraigns his title.

"Every court of general jurisdiction has power to determine whether the conditions essential to its exercise exist." 14 Am. Jur. 368.

Whether a court has jurisdiction of the subject matter depends, in part, upon the allegations of the petition. Power to determine jurisdiction depends upon the allegations and not upon the facts. Watts v. Gerking et al., 111 Ore. 641, 228 P. 135, 34 A.L.R. 1489.

The allegations of the petition must be taken to be true in determining whether the court has jurisdiction of the subject matter. Malden Trust Co. v. Brooks et al., 276 Mass. 464, 177 N. E. 629, 80 A.L.R. 1028.

If the pleadings state a case belonging to a general class over which the authority of the court extends, then jurisdiction attaches. 14 Am. Jur. 365. In this case the record affirmatively shows that the plaintiff, Turner, in his suit to quiet title, alleged that the land was located in Pottawatomie county, describing it, and that he was the owner and in possession of the land. The judgment recites that the court examined the pleadings and heard the evidence, and being fully advised in the premises, found that the plaintiff, Fred O. Turner, was the sole owner and in possession of all the surface of the premises described in the petition and that he and three others named therein were the owners of the undivided min-

eral interests in said land. It therefore appears that the issue of possession of the land was before the court. That issue was judicially determined upon the pleadings and evidence introduced in that action. Plaintiffs in error had opportunity to controvert the allegations of possession and ownership, but failed to do so. Had they done so, they could have asserted, as a defense, every fact and condition upon which they now rely to vacate the judgment. The alleged fraud now asserted by plaintiff in error as invalidating the judgment did not prevent them from making defense in that suit.

In Thigpen v. Deutsch et al., 66 Okla. 19, 166 P. 101, it is held:

"False evidence or perjury alone, relative to an issue tried, is not a sufficient ground for vacating or setting aside a judgment; the fraud which will authorize the court to vacate a judgment must be extrinsic or collateral to the issues tried in the cause wherein the attacked judgment was rendered; it must be such fraud of the prevailing party as to prevent the other from having a trial of the issues."

In McBride v. Cowan, 90 Okla. 130, 216 P. 104, it is held:

"Where a suit is brought in equity upon the aforesaid grounds, and the prayer is to nullify and make void a default judgment obtained by perjury of plaintiff on intrinsic issues, the following burdens are upon the party seeking such relief, to wit: He must show himself free of laches and negligence, or show a valid excuse for his laches; he must show he has a valid defense; that the alleged perjury was in fact committed and that upon such perjury the judgment was obtained. It is essential that each of such burdens be discharged before a judgment will be vacated and held void."

In the opinion it is said:

". . . The party seeking to vacate the default judgment against him must show himself free of laches and negligence, or conclusively show that such laches was unavoidable. A willful and negligent disregard after service of summons will in no case be excused.

The verity of a judgment of a court of record is of greater weight and import than the merely asserted rights of an individual, whose conduct is tainted with laches and negligence, and whose grounds for relief are uncertain."

Oklahoma Union Insurance Co. v. Morgan, 168 Okla. 228, 32 P. 2d 285, holds the same as Thigpen v. Deutsch et al., supra.

Stout v. Derr et al., 171 Okla. 132, 42 P. 2d 136, is a case similar in most respects to the instant case, though in that case the petition to vacate did attempt to excuse petitioner's failure to appear and contest the judgment sought to be vacated. Therein it is held:

"Such fraud as will justify the court in vacating a judgment must be extrinsic, extraneous, and collateral to the issues tried in the cause wherein the judgment was rendered, and such as to have prevented the unsuccessful party from having a trial of the issues."

The general rule is that the authority to set aside judgments, after the term time, for fraud, is limited to cases where the fraud complained of was practiced in the very act of obtaining judgment, and all acts of fraud which might have been used as a defense to defeat the action are excluded; the fraud must be extrinsic and collateral to the matter tried and not a matter which was actually or potentially in issue in the action unless the interposition of such defense was prevented by the fraud or the act of the other party. 34 C.J. 280. An allegation of fact known to be false and the establishment of such fact by testimony, also known to be false, do not constitute fraud authorizing proceedings to set aside a judgment. Hedrick v. Smith & Reed, 137 Iowa 625, 115 N.W. 226. There, as here, the alleged false allegations and false testimony relied upon were as to the ownership of the property involved. In the opinion the court said:

"The allegation and proof as to this essential fact, and the legal conclusions drawn therefrom, were therefore intrinsic, that is, necessarily involved in the action itself, and it is now well set-

tled in this court that even an allegation of a fact known to be false, and the establishment of that fact by testimony also known to be false, do not afford sufficient ground for setting aside a judgment on the ground of fraud."

In Electric Plaster Co. v. Blue Rapids City Tp., 81 Kan. 730, 106 P. 1079, it is said:

"The general rule is that an act for which a court of equity will set aside or annul a judgment between the same parties rendered by a court of competent jurisdiction has relation to fraud extrinsic or collateral to the matter tried by the first court, not to fraud in the matter on which the judgment was rendered. . . . By the expression 'extrinsic or collateral fraud' is meant some act or conduct of the prevailing party which has prevented a fair submission of the controversy."

The general rule is that a petition to vacate a judgment filed after term time must show by specific averment that petitioner has not been in fault and that he has exercised due diligence and vigilance. 34 C.J. 329.

The petitions to vacate show upon the face thereof that the alleged false allegations and false testimony relied upon as fraud were intrinsic matters going to the actual or potential issues in the original suit and were in no sense extrinsic or collateral matters; both petitions fail to set up any excuse for petitioners' failure to appear and defend, and wholly fail to allege any act or conduct of the plaintiff preventing petitioners from appearing and asserting their rights. The petitions fail to state a cause of action. A policy in law is that every citizen may have one complete trial before a competent tribunal which shall end the controversy in a valid judgment, final to the extent that it is reversible only for errors of record.

Affirmed.

GIBSON, C.J., and OSBORN, BAYLESS, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur. HURST, V.C.J., dissents.

———

HURST, V.C.J. (dissenting). The first

question is whether the willful making of false allegations of essential facts necessary to state a cause of action and to give the court jurisdiction to render the particular judgment and the willful concealment of those facts from the court constitute fraud in obtaining the judgment such as will entitle the petitioners to vacation of the judgment under 12 O.S. 1941 § 1031 (4). By the demurrer to the petitions to vacate, the plaintiff, Turner, admits, for the purpose of the demurrer, the truth of these allegations. Federal Tax Co. v. Board of Com'rs, 187 Okla. 223, 102 P. 2d 148.

Turner admits that his action was prosecuted under 12 O.S. 1941 § 1141. Where the plaintiff does not join with his cause of action to quiet title under said statute one for possession, he cannot maintain it without alleging that he is in possession. Christy v. Springs, 11 Okla. 710, 69 P. 864; Marshall v. Ward, 167 Okla. 183, 28 P. 2d 1091. Therefore, the allegation that he was in possession was material and jurisdictional.

Fraud in obtaining a judgment may be of two classes, (1) fraud which prevents a party from fairly prosecuting his cause of action or defense, and (2) fraud practiced upon the court or its process. Ely Walker Dry Goods Co. v. Smith, 69 Okla. 261, 160 P. 898; Stutsman v. Williams, 87 Okla. 64, 209 P. 406; Steel v. St. Louis Smelting & Refining Co., 106 U. S. 447, 27 L. Ed. 226, 1 S. Ct. 389.

Most of the cases deal with the fraud of the first class, and our cases in which we make the broad statement that extrinsic fraud that will authorize the vacation of judgments must be such as prevents the complaining party from fairly presenting his case, such as those cited in the majority opinion, involved only fraud of the first class. The writers apparently did not have in mind fraud of the second class. Judicial opinions should always be construed and applied as precedent in the light of the issues involved.

We are committed to the rule that fraud upon the court is extrinsic fraud which will justify the vacation of judgments. See cases last above cited. We are also committed to the rule that the willful allegation of false jurisdictional facts in a petition invoking the jurisdiction of the court is such fraud. Johnson v. Petty, 118 Okla. 178, 248 P. 848; Jones v. Snyder, 121 Okla. 254, 249 P. 313. See, also, Wickersham v. Comerford, 96 Cal. 433, 31 P. 358. While these were probate cases, no distinction should be made between probate cases and adversary cases when the fraud is of the second class. And we have made no such distinction. Federal Tax Co. v. Board of Com'rs, above. In Steele v. The Maccabees, 175 Okla. 471, 53 P. 2d 231, we stated in the syllabus that false allegations in a petition which are mere surplusage do not constitute such fraud as will require the vacation of a judgment. The clear inference is that the rule would be otherwise if the false allegations were material. While there are not many decisions from this and other courts involving false allegations of jurisdictional facts, most of the authorities seem to support the rule we have followed up to now. 51 C.J. 284; 34 C.J. 282, quoted with approval in Sout v. Derr, 171 Okla. 132, 42 P. 2d 136; Freeman on Judgments 5th Ed. § 1237; Brooks-Scanlon Co. v. Stogner, 114 Miss. 736, 75 So. 596; Wood v. Wood, 136 Iowa, 128, 113 N.W. 492, 125 Am. St. Rep. 223, 12 L.R.A. (N.S.) 89. The last-cited case seems to be contrary to the Iowa case cited in the majority opinion, which is the only authority cited in the majority opinion on this precise question. And the rule we have followed up to now is generally followed in divorce cases. 17 Am. Jur. 385; Sparrenberger v. District Court, 66 Mont. 496, 214 P. 85; 33 A.L.R. 464; Davidson v. Ream, 97 Misc. Rep. 89, 161 N.Y.S. 73.

In El Reno Mutual Fire Ins. Co. v. Sutton, 41 Okla. 297, 137 P. 700, 50 L.R.A. (N.S.) 1064, the insured recovered judgment on a false petition alleging that the property had been destroyed by fire. A suit in equity was filed to vacate the judgment. The trial court refused to vacate it, but this court

reversed the judgment, calling attention to the fact that the judgment was obtained by false allegations in the petition as well as by false testimony. The syllabus refers only to false testimony, and in that respect is contrary to the view now prevailing in this state that perjury alone on an issue in the case constitutes fraud in the cause of action (intrinsic fraud) and not fraud in obtaining the judgment (extrinsic fraud).

The majority opinion seems to rest on the theory that there is no difference between perjury committed in the trial of the cause and fraud in invoking the jurisdiction of the court. But this and other courts have made a distinction between the two. Furthermore, there is a serious doubt as to the soundness of the rule that perjury in the trial of a case is not such fraud as will justify the vacation of a judgment either in equity or under the statute, which prevails in a majority of the states and is followed in our recent decisions. Our statute, 12 O.S. 1941 § 1031 (4), makes no distinction between intrinsic and extrinsic fraud. The distinction is made by the courts as a matter of expediency, the theory being that to permit an attack on judgments because of intrinsic fraud, such as perjury in the trial of a case, would encourage such attacks, and that there would be no end to litigation. There is a division of authority on the question as to whether perjury alone is sufficient to vacate a judgment. 34 C.J. 285; 31 Am. Jur. 281. In the recent case of Publicker v. Shallcross, 106 F. 2d 949, 126 A.L.R. 386, the minority rule was followed, and the United States Supreme Court denied certiorari. In the note at 126 A.L.R. 390 it is pointed out that in those states following the minority rule no flood of litigation has resulted from it.

In the Publicker Case, above, it was said that "truth is more important than the trouble it takes to get it," and it was pointed out that, in cases like the present one, two rules, both desirable in themselves, come into conflict, (1) the rule that there should be stability to judgments so that there may be an end to litigation, and (2) the rule that fraud vitiates all things and that persons should not be permitted to retain the fruits of their fraudulent conduct. And it was stated that "the court's effort to reconcile the two has led to a series of cases which are clear enough at either extreme, but blend in the center into a hazy region of uncertainty."

While it is true that a rule permitting attacks upon judgments for perjury alone would tend to encourage such attacks, it is equally as true that to deny such attacks tends to encourage fraud and perjury. Since courts are created to administer justice and to prevent injustice, I am inclined to the view that in case of doubt we should lean to the rule that would discourage fraud and perjury, to the end that courts may not be used as instruments of injustice.

It follows that I am of the opinion that either false allegations of facts necessary to state a cause of action in a petition invoking the jurisdiction of the court or the willful concealment from the court of facts that would defeat jurisdiction constitutes fraud upon the court and is fraud in procuring the judgment based thereon, and that such a judgment may be vacated under 12 O.S. 1941 § 1031 (4).

Of course, as in all cases of fraud, the burden is upon the one charging fraud to clearly prove it. The burden would be upon petitioner to clearly prove, not only that the allegations were false, but also that Turner knew they were false and made them with an evil intent, or that the concealment was willful and designedly done.

2. The next question is whether negligence on the part of the petitioners in not defending the quiet title suit is a part of their cause of action to vacate the judgment, which must be excused by them in their petitions, where the fraud charged is of the second class— fraud upon the court. Turner cites no authority holding that such an allegation is necessary. Citizens Bank & Trust Co. v. City of Pryor Creek, 66 Okla. 164,

168 P. 208, involved fraud of the first class—fraud preventing the opposite party from presenting his defense. This case follows the equity rule in such a case. Suits, such as the present one based upon fraud upon the court, are for the purpose of protecting the jurisdiction of the courts and to prevent them from being used as instruments of fraud and injustice, and it should not be fatal to the case that the indirect effect is beneficial to the party seeking to vacate the judgment. It would seem that, in such a case, the lack of diligence of the opposite party would not be an element of the cause of action seeking vacation of the judgment, and that it need not be negatived in the petition.

In Johnson v. Petty, above, we stated:

"In such cases courts of equity grant relief, not only to prevent a wrong to the injured party, but to 'to frustrate an attempt to make the court an instrument of oppression in aid of a surreptitious sham founded on wrong artifice.' Sampson v. Sampson, 225 Mass. 451, 112 N.E. 84."

I conclude that the petitions stated causes of actions for vacation of the judgment, good as against the demurrers thereto, and I respectfully dissent.