## MOORMAN v. MOORMAN ET AL.

[No. 28,333. Filed May 11, 1948.]

*John G. McNutt, Bernard Korbly & John Paul Korbly,* all of Indianapolis, and *Amos W. Jackson,* of Versailles, for appellant.

*Paul V. Wycoff,* of Batesville, for appellees.

O'MALLEY, J.—The appellant commenced an action in the Ripley Circuit Court to secure the appointment of a receiver of the partnership in which her deceased husband was the owner of a one-third interest.

It was asserted in the complaint that the appointment of a receiver to take over and settle partnership affairs was mandatory because the surviving partners had failed to comply with the statute relating to the duties of a surviving partner. § 50-301 *et seq.,* Burns' 1933. The appellees countered with a claim that the partners had entered into an agreement which provided a method of settlement of the interest of the deceased partner and that pursuant to that agreement the appellant and other heirs had been paid in full for their interest in the partnership. The appellant admits that where there is a contract which gives the surviving partners the right to acquire the interest of the deceased partner, settlement under the partnership act may not be required. However, she asserts that if the survivors fail to comply with the terms of the contract, a receiver is mandatory.

This court has construed the act (§ 50-301 *et seq.,* Burns' 1933) under consideration and has concluded that the nature and extent of the rights of a surviving partner which existed prior to the adoption of the statute are not changed by it, and that failure to file an inventory does not cause a forefeiture. *Feucht* v. *Corbett, Admr.* (1938), 214 Ind. 103, 12 N. E. 2d 957. It has also been held that some discretion is vested in the probate court so that a receiver

need not be appointed where there are no assets to be administered or where no good would or could be accomplished by the appointment of the receiver. *Yanakeff* v. *George* (1935), 207 Ind. 703, 194 N. E. 329.

There is no showing that there was any need to conserve the partnership property. Under the partnership contract, provision for the sale of the interest of the deceased partner to the surviving partners was made, and the method of ascertaining the value of his interest was fixed. Insurance in the sum of $5,000 was carried on each partner to provide for part payment. If the widow did not receive payment in full for her interest, it was because there was a failure to follow the terms of the written contract. The parties entered into the contract to avoid the liquidation of the partnership and the contract was tied in with the insurance policy on each member of the firm. The contract provided for the designation of the persons to be benefited at the death of a member, and the appellant and two daughters of the decedent were the persons named by the decedent under the terms of the contract. The surviving partners did not ignore the contract, in fact they paid the appellant in excess of $1,600, and they paid the two daughters more than $8,000. The appellees did show a valuation for the partnership and on that value they did pay out the amount due the named beneficiaries of the decedent. It is true they did not take into consideration the cash value of the insurance policies as provided in the contract nor did they correctly apportion the advancement made during the lifetime of the decedent, but they were undoubtedly acting in good faith in their efforts to carry out that contract, although they did not pay to the appellant all sums that were due to her. The facts placed before the court were such that it called for the

exercise of the discretion of that court in determining whether or not a receiver should be appointed. The trial court must have been of the opinion that no good would be accomplished by such appointment and we do not think that the facts, which are presented, show an abuse of the court's discretion.

The appellees claimed payment in full of the interest of the appellant, but it does not seem that the appellees ever made a full disclosure to the appellant or any heir of the amount and value of the partnership property at the time of the death of the deceased member. A surviving partner does not deal at arms length with the heirs of the deceased one. As to such persons he must make an open and full disclosure because the heirs are at a big disadvantage in dealing with the surviving partners. They do not know the extent of the property owned by the partnership, nor are they always informed as to the amount of business done or the value of the partnership. 47 C. J., Partnership, § 638, p. 1059.

In the instant case there was a contract which provided for the sale of the interest of the decedent at a value to be determined by the formula contained in said contract. The formula was not followed and the appellees seemed to believe a statement by them showing the value of the partnership as of the first day of that year was sufficient. The contract provided for a meeting of the parties, but there was no meeting. If the appellees feel that a meeting was waived by the appellant, then it is incumbent on them to show that she had been fully informed as to the nature and extent of her interest and that such waiver was then freely made. A surviving partner is under obligation to make a full disclosure of the nature and extent of partnership property, when he is involved in

winding up its affairs, or in disposing of the interest of a deceased partner. *Valentine* v. *Wysor* (1889), 123 Ind. 47, 23 N. E. 1076; *The State* v. *Matthews* (1891), 129 Ind. 281, 28 N. E. 703; *Gerdenich, Admx.* v. *Goss* (1945), 115 Ind. App. 538, 60 N. E. 2d 603. See *Malden Trust Co.* v. *Brooks* (1931), 276 Mass. 464, 177 N. E. 629, 80 A. L. R. 1028; *Malden Trust Co.* v. *Brooks* (1935), 291 Mass. 273, 197 N. E. 100.

The evidence showed that the deceased partner spent considerable time in a hospital before his death, and that the appellees, who were his brothers, advanced $2,534.52, to be used in his illness. It was shown that the money was deposited in a bank in the name of the appellant, but it was also understood that it was from her husband's interest in the partnership. Although the appellant spent such money for the hospitalization and care of the decedent prior to his death, the appellees charged that advancement in full against the share of the appellant and secured a receipt from her.

The payment of the money to the account of the appellant reduced the decedent's share in the partnership and affected all his heirs equally. The value of the partnership at the time of the death of the decedent should be ascertained under the direction of the lower court, and it should not be too difficult to determine the interest which the appellant has in that amount. She is chargeable only with the one-third of the amount advanced to take care of her husband and each of the two daughters should be charged with the one-third thereof, and in the determination of the value of the partnership, the cash value of insurance policies should be considered as provided in the contract.

The statute provides that the request for the appointment of a receiver, under the act involved in this case,

shall be presented to the probate court. The court, having once acted on a petition of this kind, would be expected and empowered to give complete relief to the parties. Having failed to agree with the complaining party that one phase of the relief which was sought was necessary, we do not think that the court thereby lost the power to grant the amount and kind of relief that was needed and necessary. The parties to this action treated it as if it were on the civil side of the court, and since the same court performs all functions on both the probate and civil sides, we believe that the matter should be settled in this action by reforming the issues and omitting the request for a receiver.

It seems that two questions were presented below. One involved the request for the appointment of a receiver. On that matter the lower court is affirmed. The other question was whether or not the appellant had received payment in full of her share of the decedent's interest in the partnership. On that contention we reverse the lower court and order that the costs of this appeal be assessed to the appellees. Either party may amend or reframe its pleadings so as to clearly portray the issues involved.

Emmert, C. J., dissenting with opinion.

NOTE.—Reported in 79 N. E. 2d 112.

## DISSENTING OPINION

EMMERT, C. J.—The appellant's decedent, Harry R. Moorman, and his two brothers were operating a milling business as partners, each with an equal share in the partnership. In 1940 the three partners executed a contract providing for the purchase of the interest of any deceased partner by the remaining partners. As

a part of the contract the partnership purchased three life insurance policies each in the sum of $5,000.00 upon the life of each separate partner with the provision that upon death the amount of the policy should be paid to the named beneficiaries as part payment of the interest of the deceased partner. Item 2 provided for the termination of the interest of the deceased partner, either by written agreement between the surviving partners and the beneficiaries, or upon failure to agree, by an appraisement made within thirty (30) days from the deceased partner's death. [a] Item 3 provided that the surviving partners could purchase and become the sole owners of the partnership interest of the deceased partner by the payment in full of the amount determined by Item 2. [b] Item 7 provided that if by the fault of the surviving partners the terms of the contract were not carried out within ninety (90) days after date of death, the partnership should be dissolved

[a] "2. Upon the death of any one partner, the surviving partners and the beneficiary as named in the said insurance policies shall meet and agree in writing as to the value of the deceased partner's interest in the said business (due consideration being made for the cash value of all policies). It is further provided that in the event the said parties can not agree or any one of them shall refuse, neglect or fail to meet then two reputable disinterested appraisers shall be appointed by the said parties or by any two of them and the said appraisers shall within fifteen (15) days after their appointment determine and report the true value of the deceased partner's interest as of the date of his death. This said valuation or appointment of appraisers is to be made within thirty (30) days from the date of deceased partner's death."

[b] "3. At the death of either partner, the surviving partners may purchase and become the sole owners of the partnership business and all the assets employed therein, both real and personal, tangible and intangible, upon payment of the deceased partner's beneficiary as named in the said insurance policies, or if none be so named then upon payment to the deceased's administrator or executor of the sum provided for in item two (2)."

and the beneficiaries should retain all benefits under the policies, and that the estate of the deceased partner should receive the interest of the deceased partner in the partnership the same as if the contract had not been executed.[c]

Harry R. Moorman died testate August 31, 1946, leaving surviving him the appellant, his widow, and three children by a previous marriage. The appellant elected to take under the law. Neither of the surviving partners made or filed any inventory of the assets and property of the partnership, or caused the same to be appraised, or filed such inventory in the office of the clerk of the court, or took upon themselves a settlement of the partnership business pursuant to § 50-301 *et seq.*, Burns' 1933.

On March 7, 1947, the appellant petitioned for the appointment of a receiver of the partnership property pursuant to §§ 50-305, 50-306 Burns' 1933. Appellees' answer alleged that the beneficiaries under the policy were the widow and two of the decedent's daughters, and that the surviving partners did meet and agree upon the purchase price and paid the appellant in full.

The evidence disclosed that the widow signed a receipt "In full settlement my share of the partnership interest of my late husband, Harry R. Moorman," showing receipt of $2,534.52 in cash, and one-third insur-

[c] "7. In the event any of the foregoing terms and conditions are not carried out through the fault of the surviving partners within ninety (90) days after the date of death, the beneficiary named in any of the aforesaid mentioned insurance policies, shall retain all the benefits thereunder, the partnership be dissolved and the executor or administrator of the deceased shall receive the share to which he would have been entitled had this agreement not been executed. The interest of any partner as hereinabove set out shall be conclusive as to the value of his partnership share in the business and the amounts which are to be paid as herein provided shall be in full and complete satisfaction for the deceased's interest in the said business."

ance policy in company the sum of $1,666.67. However, the evidence disclosed the sum of $2,534.52 had been withdrawn from the partnership between July 6th and August 27th, during the last illness of the decedent, and had been used to meet the expenses of his last illness. The only thing in the nature of an inventory that had been furnished appellant was a financial statement as of January 1, 1946, which showed total assets of $37,560.76, with no liabilities. No agreement in writing was ever executed as to the value of the decedent's interest, nor was any appraisement made.

The provision of the contract for the purchase of decedent's interest had been breached by the surviving partners, and a full disclosure by them had not been made to the widow. All the withdrawals during the last illness of the decedent had been improperly charged to her interest under the contract. Under such a state of facts I am forced to the conclusion that the trial court should have appointed a receiver under the clear provisions of the statute, and that I must dissent from a holding that nullifies legislation that was enacted to provide safeguards for "any person interested in the settlement of such partnership business," when the surviving partners fail and neglect to execute the trust which the law casts upon them. The statute seems too clear for construction or avoidance. It states:

> "If such surviving partner or partners shall fail to file such inventory, appraisement and list of liabilities and bond, as in this act provided, or shall fail or refuse to take upon him or themselves the settlement of the business of such firm, the judge of the court having probate jurisdiction, upon petition filed by anyone interested in the settlement of such partnership, shall appoint a receiver to settle the affairs of such partnership, who shall proceed to settle the same as though a voluntary assignment for the benefit of the creditors had been made

by the surviving partner or partners of such firm."
§ 50-305, Burns' 1933, Acts 1877, ch. 86, § 5, p. 136.

"Any person interested in the settlement of such partnership business may file a petition in the court having probate jurisdiction to have a receiver appointed to settle the same, and shall give the surviving partner or partners ten (10) days' notice of the time and place of hearing such petition; and, if, upon the hearing thereof, the judge of such court shall be convinced that such partnership business is not being properly settled, or that the assets of such firm are being wasted, he shall appoint a receiver to settle the same, as heretofore provided in this act."  § 50-306, Burns' 1933, Acts 1877, ch. 86, § 6, p. 136.

The surviving partners had breached the provisions of the contract for the purchase of the deceased partner's interest.   The widow had been overreached and misinformed concerning the financial condition of the partnership.   In her ignorance of the partnership affairs, she had signed a receipt charging herself alone with the receipt of funds which should have been charged against the interest of the deceased partner at the time of his death, and so augmented the shares to be received by the two children. Item 7 of the contract then should have applied.

A statutory receiver should have settled and administered the partnership affairs.   He is in effect an administrator although called a receiver.   There is nothing in the case of *Feucht* v. *Corbett, Admr.* (1938), 214 Ind. 103, 12 N. E. 2d 957, which leads to a different result.   The language of the court in *Yanakeff* v. *George* (1935), 207 Ind. 703, 705, 194 N. E. 329, "that a receiver need not be appointed where there are no assets to be administered, or in any other case where no good would be accomplished by the appointment," must be construed in the light of the facts in that case.   Of course if there is no property there is no estate to ad-

minister, and the appointment of a receiver would be a futile act not contemplated by the statute. As to what good would be accomplished by the appointment of a receiver is not a question of policy to be determined by this court in violation of the declared policy of the legislature. In *Yanakeff* v. *George, supra,* the surviving partner, after the filing of the petition for a receiver and before the hearing date thereon, substantially complied with the statute by filing an inventory, list of liabilities and bond, and also a final report. The surviving partners in the present appeal have continued to ignore the requirements of the statute. There may be inconvenience to the surviving partners if the estate be administered by a receiver, but it is no more inconvenience than that suffered by the heirs when their decedent leaves a going business which may be operated by an administrator. We should not permit a "hard case to make bad law." The appellant followed the statute and should be entitled to its protection as well as the rights conferred by it.

Although the rule on amendments has been very liberal in this state, I do not see how in this case a petition for the appointment of a statutory receiver can be amended to make it a civil suit between the surviving widow and the surviving partners for an accounting and a money judgment against them for the amount found yet due her for her interest in her husband's share in the partnership. When a complaining party institutes a proceeding based solely upon a statute, which is not intended to be ancillary to other relief in a main cause, he should not be permitted to amend a statutory cause of action to a new cause of action based either upon the common law or an entirely new statutory cause of action. If a creditor should file an application for the appointment of an administrator for

a decedent's estate, he should not be permitted to amend that application into a complaint on contract for recovery against the heirs who may have contracted to settle the estate without an administration. Nor should a petition for adoption be amended into a petition for the appointment of a guardian. No rule permitting amendments should permit the notice afforded by process to become meaningless, which will be the result under the authority of the majority opinion.

For these reasons the order denying the appointment of a receiver should have been reversed.

Gilkison, J., concurs in this opinion.

Note.—Reported in 79 N. E. 2d 397.